BOLIN, Judge.
James Gresham obtained a money judgment on May 19, 1970, against Seward W. Thomas. In order to satisfy the judgment, Gresham caused a writ of fieri facias to issue and the Sheriff of Bienville Parish seized and began advertising for sale movable and immovable property owned by the judgment debtor.
*624 Thomas, alleging the debt had been paid by compensation and extinguishment, brought suit to enjoin the sale. Pursuant to Thomas’ petition the court issued a temporary restraining order and fixed bond preventing the sheriff’s sale scheduled for January 27, 1971. In due course the hearing for a preliminary injunction was begun on March 16, 1971, and finished on March 17, 1971, resulting in the trial judge dissolving the temporary restraining order and dismissing the rule for a preliminary injunction hut reserving the right to pass on Gresham’s demands for damages and attorneys’ fees. The sheriff’s sale being scheduled for April 14, 1971, Thomas alleging irreparable injury would occur if the proceedings were allowed to continue in the lower court, petitioned this court for remedial writs.
On March 31, 1971, this court issued an alternative writ of certiorari, returnable April 5, 1971, and in connection therewith caused the record of the proceedings below transmitted to this court forthwith.
The primary complaint of Thomas is that during the hearing on the preliminary injunction the trial judge erroneously sustained a motion to consider as confessed certain evidence sought to be elicited by Thomas under a subpoena duces tecum. On the application for writs relator sought to have this court reverse the ruling on the subpoena and order the lower court to overrule the motion to have the facts confessed and further order the lower court to proceed with the trial.
The record before us does not contain a transcript of evidence and from a study of the pleadings and admissible documents before us we are unable to determine whether or not there was any error committed by the lower court. However, because of the urgency of the matter as it relates to the scheduled sheriff’s sale of relator’s property, we ordered the issuance of a preliminary injunction on April 5, 1971, conditioned upon relator’s furnishing security in the amount of $5,000.00, reserving the right to assign written reasons therefor. We think this is the most orderly and equitable way to proceed in the case.
For the reasons assigned it is ordered a preliminary injunction issue herein forthwith, conditioned upon relator, Seward W. Thomas, furnishing security in the amount of Five Thousand Dollars ($5,000.00) on or before April 12, 1971.
It is further ordered the records be returned to the lower court for further proceedings on the merits.
All costs to await the final disposition of the case.